IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD G. POTTER, JR.,

    Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

No.  CIV.S-04-0040 DAD

ORDER RE MOTIONS FOR

ATTORNEY FEES

        Plaintiff brought this action seeking judicial review of an administrative decision denying his claim for disability benefits under the Social Security Act.  See 42 U.S.C. §§ 405(g) and 1383(c). By previous order of the court, the decision of the Commissioner of Social Security ("Commissioner") denying benefits was reversed and this matter was remanded with the direction to grant benefits. Counsel for plaintiff has now filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Counsel also has filed a separate motion seeking an award of attorney fees

1

pursuant to 42 U.S.C. § 406(b).  The court addresses both motions below.

### I. EAJA MOTION

In the EAJA motion, counsel for plaintiff seeks an award of approximately $10,000.  The motion claims 62.50 hours of attorney time.  Attorney fees under EAJA are set at the market rate, but capped at $125.00 per hour.  See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998)(citing 28 U.S.C. § 2412(d)(2)(A)).  Nonetheless, counsel for plaintiff seeks to recover attorney fees at a rate greater than $125.00 per hour to account for inflation.

Defendant opposes the motion and seeks the reduction of any EAJA fees award.  Defendant argues that the position of the Commissioner was "substantially justified."  (Opposition at 6.) Defendant also argues that the claimed 62.50 hours of attorney time expended on this case by plaintiff's counsel is unreasonable.[1]

The EAJA provides that "a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "Fees and other expenses" include "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to

---

[1] Defendant does not contest the cost of living adjustment above the statutory cap of $125.00 sought by plaintiff's counsel.

2

the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)). The prevailing party must apply for attorney fees within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B).

A party who obtains a remand for the payment of benefits in a social security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993); see also Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001)("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). Accordingly, it is undisputed that plaintiff is a "prevailing party" in this case.[2]

As noted above, however, defendant contends that the position of the Commissioner was "substantially justified." That contention is unpersuasive. On the cross-motions for summary judgment, the Commissioner chose to defend a number of obvious flaws in the ALJ's decision. More specifically, the ALJ's treatment of both the medical evidence from plaintiff's treating sources and plaintiff's testimony was wholly inadequate. (See Order filed March 15, 2005.) Therefore, the court finds that the position of the Commissioner was not "substantially justified." See Corbin v. Apfel,

---

[2] It also is undisputed that plaintiff did not unduly and unreasonably protract the litigation of the case.

149 F.3d 1051, 1053 (9th Cir. 1998)("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996)(finding no substantial justification where Commissioner "completely disregarded" substantial evidence of the onset of disability).

Defendant also asserts that the amount of attorney time claimed by counsel for plaintiff is unreasonable.  In this regard, 28 U.S.C. § 2412(d)(2)(A) expressly provides for an award of "reasonable" attorney fees.  However, "there is more to deciding what is a 'reasonable' fee than calculating a reasonable expenditure of hours times a reasonable rate." Atkins, 154 F.3d at 989 (citing Hensley v. Eckhart, 461 U.S. 424 (1983)).  The court must also consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. (quoting Hensley, 461 U.S. at 437.)

Here, plaintiff's counsel secured a remand for the payment of benefits.  Defendant argues that the claimed 62.5 hours of attorney time is excessive.  Having carefully reviewed the pending motion, the court agrees that the claimed 62.5 hours is an excessive amount of attorney time to have expended on this matter in light of the straightforward nature of the issues presented, the expertise of plaintiff's counsel and in comparison with the amount of time devoted to similar tasks by counsel in other social security appeals coming before this court.

4

1          The undersigned declines to conduct a line-by-line analysis
2  of counsel's billing entries.  See, e.g., McDannel v. Apfel, 78 F.
3  Supp. 2d 944, 954 (S.D. Iowa 1999); Stewart v. Sullivan, 810 F. Supp.
4  1102, 1107 (D. Haw. 1993).  However, as a general matter the court
5  finds that the amount of time claimed in connection with reviewing
6  the administrative record and preparing plaintiff's motion for
7  summary judgment (about 30 hours) is above the high end of the
8  appropriate range for such tasks.  The approximately 18 hours claimed
9  in connection with the pending motion for attorney fees is also
10 unreasonable.  The court appreciates that social security cases are
11 often fact-intensive and also is mindful of the successful result
12 obtained by counsel.  However, the few issues raised in plaintiff's
13 motion for summary judgment were not unique.  In light of the
14 straightforward nature of those issues and given the expertise of
15 plaintiff's counsel in this area, the court finds that a reduction of
16 the attorney time charged is warranted. Specifically, the 62.5 hours
17 reflected in counsel's declaration should be reduced by 11 hours to a
18 total of 51.5 hours.  Such a fee award is reasonable in light of the
19 tasks performed, the work produced and is more consistent with this
20 court's EAJA fee orders in similar social security appeals.  This
21 would amount to an EAJA fees award of $7,879.52 which can be broken
22 down as follows:
23 /////
24 /////
25 /////
26 /////

```
2003:  2.25 hours X $147.72    =    $332.37;
2004:  34 hours X $151.65      =    $5,156.10; and
2005:  15.25 hours X $156.79 ³ =    $2,391.05
                                    $7,879.52
```

Counsel for plaintiff also seeks to recover costs and expenses in the amount of $415.42. The court finds that amount reasonable and recoverable. See In re Application of Mgndichian, 312 F. Supp. 2d 1250, 1266 (C.D. Cal. 2003)(approving costs of $1,034.51 for "filing fees, Westlaw charges, transcripts, photocopies, faxes, messenger service and postage").

Accordingly, the court will order that the motion for attorney fees under EAJA be granted in part and denied in part and that counsel for plaintiff be awarded $7,879.52 in attorney fees and $415.42 in costs for a total EAJA award of $8,294.94.

**II.  42 U.S.C. § 406(b) MOTION**

Turning to the other motion before the court, pursuant to 42 U.S.C. § 406(b) counsel for plaintiff seeks an additional award of

---

³ The EAJA adjusted hourly rates set forth above were computed by multiplying the basic EAJA rate by the consumer price index for urban consumers ("CPI-U") for the year in which the fees were earned, and then dividing the product by the CPI-U in the month that the cap was imposed (which is March, 1996 for this post-amendment case). See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001)(detailing how the cost of living adjustment to the statutory cap is computed). The court recognizes that there is a split of authority on whether to use the national or local (or even regional) CPI to calculate the rate of inflation over the hourly EAJA rate. See Mannino v. West, 12 Vet. App. 242, 243-44 (1999)(gathering cases). The undersigned has used the national change in cost of living to adjust the cap because "if Congress had wanted to allow for the cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

6

attorney fees in the amount of $24,320.11 for 68 hours of professional time devoted to the representation of plaintiff before this court.  Defendant has filed a response to the motion which contains no objections to the award of $24,320.11 in attorney fees for court-related services.

>42 U.S.C. § 406(b)(1)(A) provides, in relevant part:
>
>> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits....

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds by, Sorenson, 239 F.3d at 1149.  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court  must also ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807.

7

Here, counsel for plaintiff seeks attorney fees in an amount equal to 25 percent of the past-due benefits, which is the maximum amount authorized by statute and is the amount set forth in the contingency fee agreement between counsel and plaintiff. More specifically, counsel seeks an award in the amount of $24,320.11 for 68 hours of work at a rate of $357.65 per hour.[4] This hourly rate is reasonable. See Martin v. Barnhart, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002)(awarding $10,189.50 for 16.82 hours of court-related work which represented an hourly rate of $605.80); Roark v. Barnhart, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (awarding attorney fees in excess of the amount received under EAJA and finding an hourly rate of $338.29 to be reasonable). However, while the court remains mindful of the quality of counsel's representation and the results achieved in this case, the court also finds the amount of hours expended to be unreasonable. As detailed above, the straightforward nature of the issues involved warrants a reduction of the attorney time in the amount of 11 hours. Accordingly, while the motion for attorney fees will be granted, the $24,320.11 sought will be reduced by $3,934.15 (11 hours X $357.65) for a total § 406(b) award of $20,385.96

Finally, as discussed above, the court is inclined to award $8,294.94 in attorney fees and costs to plaintiff's counsel pursuant to EAJA. Where an award is made pursuant to § 406(b), that sum must

---

[4] Counsel has provided documentation from the Social Security Administration reflecting that $24,320.11 constitutes twenty-five percent of plaintiff's past-due benefits.

8

be offset by any sum awarded as fees pursuant to the EAJA.  See Russell, 930 F.2d at 1446 ("The dual fee awards are proper here as long as Russell's attorney gives the smaller of the two awards to his client to compensate Russell for his litigation costs.").  For this reason, the court will require that the EAJA fees and costs of $8,294.94 be subtracted from the $20,385.96 in attorney fees awarded under § 406(b).  Therefore, as a result of the two motions before the court, counsel for plaintiff will receive $12,091.02.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for plaintiff's motions for attorney fees are granted in part and denied in part;

2. Pursuant to EAJA, counsel for plaintiff is awarded $8,294.94;

3. Pursuant to § 406(b), counsel for plaintiff is awarded $20,385.96; and

4. Because an award under § 406(b) must be offset by any EAJA award, the total amount counsel for plaintiff shall receive as a result of these motions is $12,091.02, which shall be paid out of the amount of past-due benefits withheld by the Commissioner.

DATED: May 23, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
ddad1\orders.socsec\potter0040.attyfees